IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

JAMES DEMETRIUS BARNETT                                                    PLAINTIFF

V.                                                           NO. 2:18-cv-00092-KS-MTP

CITY OF LAUREL, ET. AL.                                                    DEFENDANTS

## ORDER QUASHING DISCOVERY

This matter is before the Court following Plaintiff's Responses[34][35][36][1] to the Court's Order [19] to Show Cause, and the Motions [38][39] of the City of Laurel, Johnny Magee, and Tyrone Stewart to Strike Plaintiff's Responses to the Show Cause Order and for Emergency Hearing. The Motions [38][39] also request sanctions against Plaintiff for "misrepresenting" factual matters and for violating discovery rules.

The Court issued a show cause order following the issuance of multiple subpoenas and various notices that other subpoenas may be issued. *See* Order [19] Plaintiff sought this discovery before any Defendant had answered or appeared and before any case management conference or Rule 26(f) conference. The Court ordered Plaintiff to show cause why this discovery should not be quashed.

Local Rule 26(a)(4) provides that discovery before the case management conference is governed by Fed. R. Civ. P. 26(d)(1) & (2) and 26(f). Federal Rule of Civil Procedure 26(d)(1) provides that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f) . . . ." Defendants have not yet answered and a case management conference has not yet been held in this matter. Plaintiff is seeking discovery from

---

[1] Plaintiff filed multiple responses to the show cause order essentially making the same arguments. *See* Responses [34][35][36].

multiple sources – both parties and non-parties. The current motions, filings, and responses in this matter illustrate the need for Rule 26(d)(1), to facilitate orderly discovery and to eliminate unnecessary disputes.

In the responses to the show cause order, Plaintiff does not argue that he has participated in a Rule 26(f) conference and has not demonstrated that early discovery is warranted, nor has he moved for leave of Court to conduct early discovery. He merely argues that he has not received certain discovery in a state court criminal matter.[2] This Court is concerned with civil discovery for this case, and does not dictate or govern the discovery process in state criminal proceedings. The proper place to litigate state criminal matters or alleged violations of state criminal discovery rules is in state court. As the parties have not participated in a Rule 26(f) conference and no leave for early discovery has been sought or granted, all discovery in this matter is quashed.

The Court declines to strike Plaintiff's responses or award sanctions and finds that quashing the discovery is sufficient at this time. The Motions [38][39] to Strike and for Sanctions and a Hearing are denied.[3] While the Court declines to impose sanctions or hold a hearing at this time, it may do so if future rule violations occur or Court orders are not followed.

IT IS, THEREFORE, ORDERED THAT:

1. All pending discovery is quashed.

---

[2] The information, records, and videos that Plaintiff seeks may yet be discoverable in this matter. However, discovery is not yet permitted under Federal Rule of Civil Procedure 26(d)(1). Of course, Defendants should preserve such evidence if it exists. *Ashton v. Knight Transp., Inc.*, 772 F. Supp. 2d 772, 800 (N.D. Tex. 2011) ("A duty to preserve arises when a party knows or should know that certain evidence is relevant to pending or future litigation . . . ." A party or potential party "'must not destroy unique, relevant evidence that might be useful to an adversary.'" "The duty to preserve evidence is a duty owed to the court, not to the party's potential adversary, hence, spoliation is considered an abuse of the judicial process.")(citations omitted)

[3] The motions plainly establish that the Defendants disagree with some of Plaintiff's factual contentions; however, based on the current record the Court finds that a hearing and sanctions are not warranted.

2. Plaintiff shall inform all parties and non-parties upon whom he served subpoenas or sought discovery that they need not comply with the subpoenas or discovery demands in this case at this time. Likewise, he shall provide those parties and non-parties with a copy of this order. Plaintiff shall certify to the Court in writing filed of record that he has done so on or before **June 21, 2018.**

3. If Plaintiff has received or later receives any records in response to the discovery and subpoenas at issue, he shall promptly provided each Defendant a copy of the records at Plaintiff's expense.

4. The Motion [38] to Strike Plaintiff's Responses to Show Cause Order and the Motion [39] for Emergency Hearing are **DENIED WITHOUT PREJUDICE**.

5. At the appropriate time, the Court will set a case management conference by separate order. The order setting the case management conference will set a deadline for the Rule 26(f) conference.

SO ORDERED, THIS the 18th day of June, 2018.

                                        s/ Michael T. Parker
                                        United States Magistrate Judge