# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

**JAMES DEMETRIUS BARNETT**                                     **PLAINTIFF**

**v.**                                                               **CIVIL ACTION NO. 2:18-CV-92-KS-MTP**

**CITY OF LAUREL,** *et al.*                                                 **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

For the reasons below, the Court **grants in part and denies in part** the City of Laurel's Motion to Disallow [193] Plaintiff's experts and **denies** Plaintiff's Motion in Limine [210].

### I. BACKGROUND

Plaintiff alleges that Defendants Bryce Gilbert and Wade Robertson, officers of Laurel, Mississippi's police department, pursued him and pulled him over after he altered his route to avoid a roadblock. Plaintiff claims that he never resisted arrest, but that Gilbert and Robertson forced him to lie face-down on the ground and repeatedly kicked him in the head with steel-toed boots. Plaintiff claims that he suffered "permanent traumatic brain injury" and traumatic injury to his face, eyes, and nervous system.

Plaintiff also alleges that Gilbert and Robertson prevented paramedics from treating him or transporting him to the nearest hospital. Rather, Gilbert transported Plaintiff to a hospital. While Plaintiff was hospitalized, Defendants and other Laurel police officers allegedly threatened him.

Plaintiff alleges that Laurel law enforcement officers threatened to frame him for possession of a controlled substance if he told anyone about the beating Defendants gave him. Officers also allegedly told him that he would not be released from jail unless he admitted certain misdemeanor traffic violations. Therefore, Plaintiff pleaded guilty to various traffic offenses under coercion and without legal representation.

Plaintiff believes that he was targeted by Defendants because he is African-American. He filed this lawsuit, naming the City of Laurel, Bryce Gilbert, and Wade Robertson as Defendants. Both individual Defendants are named in their individual and official capacities. Plaintiff asserted numerous claims under 42 U.S.C. § 1983, alleging violations of constitutional rights. In the Court's previous Memorandum Opinion and Order [77], it dismissed Plaintiff's claim for punitive damages as to the City and the individual Defendants in their official capacities, and Plaintiff's claims under 42 U.S.C. §§ 1985 and 1986. Memorandum Opinion and Order at 4, 6, *Barnett v. City of Laurel*, No. 2:18-CV-92-KS-MTP (S.D. Miss. Sept. 5, 2018), ECF No. 77.

The parties have completed discovery, and they filed several evidentiary and dispositive motions. The Court now addresses the parties' evidentiary motions.

## II. MOTION TO DISALLOW PLAINTIFF'S EXPERTS [193]

The City filed a Motion to Disallow [193] Plaintiff's experts from providing testimony. The City argues that Plaintiff failed to comply with his disclosure obligations under the Rules, and that some of Plaintiff's proposed expert testimony

should be excluded under Rule 702.

This is the second motion the City has filed seeking the exclusion of Plaintiff's experts for Plaintiff's failure to comply with the discovery rules. *See* Motion to Disallow Plaintiff's Experts, *Barnett v. City of Laurel*, No. 2:18-CV-92-KS-MTP (S.D. Miss. May 23, 2019), ECF No. 120. The Court denied the first motion without prejudice because there was still time left in the discovery period for Plaintiff to comply with the rules and cure the prejudice. *Id.* at 2. Defendant contends that Plaintiff failed to correct the deficiencies in his disclosures after the Court gave him a second chance. For the reasons provided below, the Court grants the motion in part and denies it in part.

## A.     *Retained Experts without Reports*

First, the City argues that the Court should exclude the expert testimony of Bill Brister, Kathy Smith, and Robert Davis because Plaintiff did not provide expert reports as required by Rule 26. In response, Plaintiff did not address this aspect of the City's motion.

Rule 26 requires parties to disclose the identity of any person who will provide expert testimony at trial. FED. R. CIV. P. 26(a)(2)(A). "[I]f the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony," the proponent of the expert testimony must provide a written report prepared and signed by the witness. FED. R. CIV. P. 26(a)(2)(B). Moreover, the report must contain specific information

listed in the Rules. FED. R. CIV. P. (a)(2)(B)(i)-(vi).

The Court examined Plaintiff's disclosures attached to the City's motion, and they do not include expert reports from Brister, Smith, or Davis. Coupled with Plaintiff's conspicuous avoidance of the topic in briefing, this leads the Court to conclude that Plaintiff did not produce reports from these experts.

"If a party fails to provide information or identify a witness as required by Rule 26(a) or (3), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." FED. R. CIV. P. 37(c)(1). When determining whether to strike an expert's testimony for a party's failure to properly and timely disclose required information, the Court considers the following factors: (1) the importance of the testimony, (2) the prejudice to the opposing party if the Court allows the testimony, (3) the possibility of curing the prejudice with a continuance, and (4) the explanation for the failure to comply with the discovery rules. *Sierra Club, Lone Star Chapter v. Cedar Point Oil Co., Inc.*, 73 F.3d 546, 572 (5th Cir. 1996).

The Court will assume that the testimony of these experts is important, but Plaintiff has not provided any explanation for his failure to provide Defendants with expert reports. Defendants would be severely prejudiced if the Court permitted Brister, Smith, or Davis to testify because Defendants don't know their opinions or the basis of those opinions, among other things. There is no time to cure the prejudice because the pretrial conference is scheduled for November 14, 2019. In fact, Plaintiff

4

has had ample time to cure the prejudice insofar as he was put on notice of the deficiencies in the disclosures when Defendants filed their initial motion.

For these reasons, the Court grants Defendant's motion with respect to Bill Brister, Kathy Smith, and Robert Davis. The Court excludes their testimony. Plaintiff is not allowed to use it to supply evidence on a motion, at a hearing, or at trial.

## B.     *Roy Taylor*

Next, the City argues that the Court should exclude the testimony of Roy Taylor. Defendant argues that Taylor's proposed testimony includes legal opinions outside the scope of appropriate expert testimony. Defendant also argues that a substantial portion of Taylor's testimony is merely recitation of facts gleaned from other evidence.

### 1.     *Rule 702 Standard*

Rule 702 provides:

A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:

> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliable principles and methods; and
>
> (d) the expert has reliably applied the principles and methods to the facts of the case.

5

FED. R. EVID. 702. Therefore, "when expert testimony is offered, the trial judge must perform a screening function to ensure that the expert's opinion is reliable and relevant to the facts at issue in the case." *Watkins v. Telsmith, Inc.*, 121 F.3d 984, 988-89 (5th Cir. 1997).

In *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 113 S. Ct. 2786, 125 L. Ed. 2d 469 (1993), the Supreme Court provided a nonexclusive list of "general observations intended to guide a district court's evaluation of scientific evidence," including: "whether a theory or technique can be (and has been) tested, whether it has been subjected to peer review and publication, the known or potential rate of error, and the existence and maintenance of standards controlling the technique's operation, as well as general acceptance." *Watkins*, 121 F.3d at 989 (punctuation omitted).

> Not every guidepost in *Daubert* will necessarily apply . . . , but the district court's preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid and of whether that reasoning or methodology properly can be applied to the facts in issue is no less important.

*Id.* at 990-91 (punctuation omitted).

Expert testimony must be supported by "more than subjective belief or unsupported speculation." *Paz v. Brush Eng'red Materials, Inc.*, 555 F.3d 383, 388 (5th Cir. 2009). It "must be reliable at each and every step or it is inadmissible. The reliability analysis applies to all aspects of an expert's testimony: the methodology, the facts underlying the expert's opinion, the link between the facts and the

6

conclusion, *et alia.*" *Seaman v. Seacor Marine LLC*, 326 F. App'x 721, 725 (5th Cir. 2009). "Overall, the trial court must strive to ensure that the expert, whether basing testimony on professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *United States v. Valencia*, 600 F.3d 389, 424 (5th Cir. 2010).

But the Court's role as gatekeeper is not meant to supplant the adversary system because "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Daubert*, 509 U.S. at 596. The Court should focus solely on the proposed expert's "principles and methodology, not on the conclusions that they generate." *Id.* at 595. But "nothing in either *Daubert* or the Federal Rules of Evidence requires a district court to admit opinion evidence connected to existing data only by the *ipse dixit* of the expert." *GE v. Joiner*, 522 U.S. 136, 146, 118 S. Ct. 512, 139 L. Ed. 2d 508 (1997).

In summary, the proponent of expert testimony must demonstrate that the proposed expert is qualified, that the testimony is reliable, and that it is relevant to a question of fact before the jury. *United States v. Hicks*, 389 F.3d 514, 525 (5th Cir. 2004). The proponent must prove these requirements "by a preponderance of the evidence." *United States v. Fullwood*, 342 F.3d 409, 412 (5th Cir. 2003).

2. *Legal Opinions*

According to Taylor's report, he was retained to provide an "expert opinion as

7

to whether the Defendants acted in accordance with established law enforcement standards." Exhibit D to Motion to Disallow at 1, *Barnett v. City of Laurel*, No. 2:18-CV-92-KS-MTP (S.D. Miss. July 16, 2019), ECF No. 193-4. As Defendant represented, a substantial portion of Taylor's testimony appears to be the recitation of facts gleaned from the incident report and the officers' body camera videos. *Id.* at 4-7. But numerous opinions are scattered among four pages with twenty-three numbered paragraphs. *Id.* The City argues that the Court should exclude all of Taylor's testimony, but it did not specifically address each enumerated opinion.

The Court agrees that Taylor's proposed testimony includes legal opinions outside the scope of appropriate expert testimony. For example, Taylor intends to testify: "On the morning of May 16, 2018, no threat was present which would justify the unreasonable and excessive force used by Officers Gilbert and Robertson." *Id.* at 5. Additionally, paragraphs 14, 15, 16, 17, 18, 19, 20, 22, and 23 contain opinions as to the ultimate issue in this case: the reasonableness of the officers' use of force under the circumstances.

Generally, "[a]n opinion is not objectionable just because it embraces an ultimate issue" in a case. FED. R. EVID. 704(a). But expert witnesses are not allowed to "tell the jury what result to reach . . . ." *Matthews v. Ashland Chem., Inc.*, 770 F.2d 1303, 1311 (5th Cir. 1985). Moreover, "an expert may never render conclusions of law," *Goodman v. Harris County*, 571 F.3d 388, 399 (5th Cir. 2009), or opinions on legal issues. *Estate of Sowell v. United States*, 198 F.3d 169, 171-72 (5th Cir. 1999).

8

Applying these principles, the Fifth Circuit has specifically held that the reasonableness of an officer's use of force is a legal conclusion. *Pratt v. Harris County, Tex.*, 822 F.3d 174, 181 (5th Cir. 2016); *United States v. Williams*, 343 F.3d 423, 435 (5th Cir. 2003); *McBroom v. Payne*, 478 F. App'x 196, 200 (5th Cir. 2012).

However, Plaintiff may introduce expert testimony as to proper police procedures, and whether Defendants' actions were consistent with those procedures. *See Mason v. Paul*, 929 F.3d 762, 764 (5th Cir. 2019); *cf. Hale v. City of Biloxi*, 2017 WL 3087279, at *4 (S.D. Miss. July 20, 2017) (district court considered affidavit as to police procedures, but failure to use proper procedures does not prove excessive force). Taylor's testimony must not stray, though, into opinions regarding the reasonableness of the officers' actions. *Pratt*, 822 F.3d at 181. Therefore, the Court grants the City's motion with respect to any opinion testimony regarding the reasonableness of the officer's use of force, but the Court denies the motion with respect to Taylor's testimony regarding proper police procedures. The Court declines to sift line-by-line through Taylor's report. The Court trusts that the attorneys of record can apply the ruling to Taylor's report, and that Plaintiff's counsel can adequately inform Taylor of the limitations on his testimony.

3.  *Culture or Custom of Excessive Force*

Taylor's report also includes the following paragraph:

A culture of allowing and accepting excessive force appears to be prevalent in the Laurel Police Department. Comments made to Mr. Barnett by Officer Robertson about acting like a fool, he was going to meet a fool, and Officer Gilbert stating that if he didn't get up he was

9

> going to get TASED. Officer Gilbert also told him, "if you do wrong, you get done wrong." As well as, Sergeant John Stringer asking Mr. Barnett while at the hospital, "how do those steel toed boots feel on your face boy?" "You had better be glad I wasn't out there. If I were you would be laying right here in a coma." In addition, SGT Stringer stated "I am the sergeant of the shift and I can plant drugs on you and make it stick."

Exhibit D [193-4], at 7. The City argues that this opinion regarding the City of Laurel is not supported by sufficient evidence. Plaintiff did not respond to this argument in briefing.

"A municipality is not liable under § 1983 on the theory of respondeat superior, but only for acts that are directly attributable to it through some official action or imprimatur." *James v. Harris County*, 577 F.3d 612, 617 (5th Cir. 2009). Therefore, "[t]o hold a municipality liable under § 1983 for the misconduct of an employee, a plaintiff must show, in addition to a constitutional violation, that an official policy promulgated by the municipality's policymaker was the moving force behind, or actual cause of the constitutional injury." *Id.* Official policy can take many forms. *Id.* It can be "written policy statements, ordinances, or regulations," but it can also be "a widespread practice that is so common and well-settled as to constitute a custom that fairly represents municipal policy." *Id.*

The evidence relied upon by Taylor – stray remarks by the two individual Defendants and one additional officer on this single occasion – is not sufficient evidence to show that the City had a policy or custom of allowing the use of excessive force. *See, e.g. World Wide Street Preachers Fellowship v. Town of Columbia*, 591 F.3d 747, 753-54 (5th Cir. 2009) (a single incident is not enough to prove a custom or

10

policy). Therefore, Taylor's opinion is a conclusory statement, without supporting evidence. *See Barkley v. Dillard Dep't Stores, Inc.*, 277 F. App'x 406, 413 (5th Cir. 2008) (court declined to credit expert testimony that a custom or practice existed when it was not supported by sufficient evidence); *Guile v. United States*, 422 F.3d 221, 227 (5th Cir. 2005) ("A claim cannot stand or fall on the mere *ipse dixit* of a credentialed witness."). The Court grants the City's motion as to paragraph 21 of Taylor's report.

### 4. *Recitation of Facts*

Finally, the City argues that an expert witness is not permitted to simply recite the factual contents of other evidence to the jury. It contends that much of Taylor's report is narration of what purportedly occurred on the videos from the officers' body cameras. Plaintiff did not respond to this argument in briefing.

The Court agrees that much of Taylor's proposed testimony is recitation of the contents of the officers' body camera videos. The Court likewise agrees that a proposed expert may not simply recite the contents of other evidence without applying any specialized knowledge or experience to help the jury understand the facts in evidence. *See, e.g. Dei Rossi v. Whirlpool Corp.*, 2015 WL 1932484, at *1 n. 1 (E.D. Cal. Apr. 28, 2015). However, Rules 703 and 705 clearly contemplate that an expert may disclose the facts underlying his opinions to the jury. FED. R. EVID. 703, 705. "But if the facts or data would otherwise be inadmissible, the proponent of the opinion may disclose them to the jury only if their probative value in helping the jury

11

evaluate the opinion substantially outweighs their prejudicial effect." FED. R. EVID. 703. Therefore, Taylor is not categorically barred from citing the contents of other evidence. He is generally permitted to disclose the factual basis of his opinions, within the boundaries prescribed by Rules 703 and 705. The Court presently denies this aspect of Defendant's motion, but the parties may raise the issue in more detail at trial, if they deem it necessary.

## C. *Dr. Aremmia Tanious*

Finally, the City argues that the Court should limit the testimony of Dr. Arremmia Tanious to his treatment of Plaintiff. The City notes that Plaintiff designated Tanious to provide testimony on several subjects, including occupational rehabilitation, a life care plan, lost income, future medical costs, future treatment, and an application for social security. Exhibit A to Motion to Disallow at 21, 23, *Barnett v. City of Laurel*, No. 2:18-CV-92-KS-MTP (S.D. Miss. July 16, 2019), ECF No. 193-1. However, Plaintiff did not produce an expert report from Tanious. Plaintiff did not respond to this aspect of Defendant's motion.

Rule 26 requires parties to disclose the identity of any person who will provide expert testimony at trial. FED. R. CIV. P. 26(a)(2)(A). "[I]f the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony," the proponent of the expert testimony must provide a written report prepared and signed by the witness. FED. R. CIV. P. 26(a)(2)(B). But if the expert witness is not required to provide a

12

written report, the designation must provide the subject matter of the expert's testimony, and a summary of the facts and opinions to which she is expected to testify. FED. R. CIV. P. 26(a)(2)(C). "A number of courts agree that a treating physician may testify as a non-retained expert witness – and therefore need not provide an expert report . . . ." *Kim v. Time Ins. Co.*, 267 F.R.D. 499, 502 (S.D. Tex. 2008) (collecting cases); *see also* FED. R. CIV. P. 26(a)(2)(B).

But if a treating physician "does not provide an expert report, his testimony must remain confined to facts disclosed during care and treatment of the patient, including his diagnosis, the causation of a plaintiff's injuries, and the patient's prognosis, as long as the doctor formed those opinions based on his personal knowledge and observations obtained during the course of care and treatment." *Barnett v. Deere*, No. 2:15-CV-2-KS-MTP, 2016 U.S. Dist. LEXIS 123114, at *3 (S.D. Miss. Sept. 11, 2016). "Conversely, where a treating physician has prepared his opinions in anticipation of litigation or relies on sources other than those utilized in treatment, courts have found that the treating physician acts more like a retained expert and must comply with Rule 26(a)(2)(B)." *Id.*[1] Therefore, if a treating

---

[1] *See also Previto v. Ryobi N. Am., Inc.*, No. 1:08-CV-177-HSO-JMR, 2010 U.S. Dist. LEXIS 133344, at *9-*10 (S.D. Miss. Dec. 16, 2010); *Cooper v. Wal-Mart Transp. LLC*, No. H-08-0085, 2009 U.S. Dist. LEXIS 8706, at *3-*4 (S.D. Tex. Feb. 5, 2009); *Lee v. Valdez*, No. 3:07-CV-1298-D, 2008 U.S. Dist. LEXIS 70979, at *9-*10 (N.D. Tex. Sept. 18, 2008); *Boudreaux v. J.P. Morgan Chase & Co.*, No. 07-555, 2007 U.S. Dist. LEXIS 86686, at *6-*7 (E.D. La. Nov. 21, 2007); *Duke v. Lowe's Home Ctrs., Inc.*, No. 1:06-CV-207-P-D, 2007 U.S. Dist. LEXIS 80415, at *3-*4 (N.D. Miss. Oct. 19, 2007); *Robbins v. Ryan's Family Steak Houses E., Inc.*, 223 F.R.D. 448, 453 (S.D. Miss. Sept. 16, 2004); *Lowery v. Spa Crafters, Inc.*, No. SA-03-CA-0073-XR,

physician's expected testimony – whether fact or opinion – is not in the produced medical records from his or her treatment of the plaintiff, the plaintiff is required to produce an expert report in compliance with Rule 26(a)(2)(B).

Plaintiff did not produce a report from Tanious. "If a party fails to provide information or identify a witness as required by Rule 26(a) or (3), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." FED. R. CIV. P. 37(c)(1). When determining whether to strike an expert's testimony for a party's failure to properly and timely disclose required information, the Court considers the following factors: (1) the importance of the testimony, (2) the prejudice to the opposing party if the Court allows the testimony, (3) the possibility of curing the prejudice with a continuance, and (4) the explanation for the failure to comply with the discovery rules. *Sierra Club*, 73 F.3d at 572.

The Court will assume that the undisclosed testimony from Tanious is important, but Plaintiff has not articulated any explanation for his failure to disclose it. It would severely prejudice Defendants if the Court permitted Tanious to provide any testimony outside the scope of Plaintiff's medical records because Defendants have not had an opportunity to examine such testimony or obtain their own rebuttal experts. There is no time to cure the prejudice because the pretrial conference is imminent. Therefore, the Court concludes that Plaintiff may not introduce any

---

2004 U.S. Dist. LEXIS 16072, at *4-*5 (W.D. Tex. Aug. 16, 2004).

opinions or other testimony from Tanious outside the scope of the produced medical records. If an opinion or fact is not in the medical records, Tanious will not be permitted to offer it at trial, and the Court will not consider it on a motion.[2]

### III. PLAINTIFF'S MOTION IN LIMINE [210]

Plaintiff filed a Motion in Limine [210], arguing that his actions prior to exiting his vehicle are irrelevant to his excessive force claim, and that such actions should be excluded as unfairly prejudicial under Rule 403. For the reasons provided below, the Court denies the motion.

First, Plaintiff argues that nothing that happened prior to him exiting his vehicle is relevant to the question of whether the officers' use of force was reasonable. Plaintiff cites *Graham v. Connor*, 490 U.S. 386, 109 S. Ct. 1865, 104 L. Ed. 2d 443 (1989). There, the Supreme Court held that the "reasonableness of a particular use of force must be judged form the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Id.* at 396. Plaintiff contends that this requires the Court to exclude evidence of anything that preceded his arrest.

Plaintiff' is mistaken. The Supreme Court meant that an officer's actions must be evaluated from his or her perspective at the time – not that the Court or a jury must disregard events preceding the use of force, events which would have had bearing on the officer's perspective on the scene. The reasonableness of an officer's use of force is determined in light of the surrounding circumstances. *See, e.g.*

---

[2] The Court will not address any additional arguments presented in Defendants' reply briefs or joinders in reply. *Wallace v. County of Comal¸* 400 F.3d 284, 292 (5th Cir. 2005).

*Shepherd v. City of Shreveport*, 920 F.3d 278, 284 (5th Cir. 2019); *Fraire v. City of Arlington*, 957 F.2d 1268, 1275 (5th Cir. 1982). "A 'reasonable officer' does not shape his decisions based only on the seconds when he confronts [a suspect]; instead, he acts based on *all* relevant circumstances, including the events leading up to the ultimate encounter." *Cole v. Carson*, 935 F.3d 444, 482 (5th Cir. 2019) (Duncan, J., dissenting); *see also Tennessee v. Garner*, 471 U.S. 1, 21, 105 S. Ct. 1694, 85 L. Ed. 2d 1 (1985) (district court erred in not considering all the circumstances surrounding officer's use of force). Therefore, events preceding Plaintiff exiting his vehicle are relevant to determine the reasonableness of the officers' actions under the circumstances.

Plaintiff also argues that evidence of anything that happened prior to him exiting the vehicle would be unfairly prejudicial. Rule 403 provides: "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." FED. R. EVID. 403.

It is undisputed that as Plaintiff approached a license/sobriety checkpoint, he turned his vehicle around to avoid it. *See* Exhibit A to Response at 1, *Barnett v. City of Laurel*, No. 2:18-CV-92-KS-MTP (S.D. Miss. Aug. 19, 2019), ECF No. 228-1. A law enforcement vehicle followed him and turned on its lights and siren. *Id.* at 2. Plaintiff saw the lights and heard the siren, but he did not stop. *Id.* Instead, he led officers on a high-speed chase across two counties. *Id.* at 3-4. He finally stopped because a bridge

16

was out. *Id.* at 4.

In the Court's opinion, evidence of Plaintiff's actions prior to the arrest is extremely probative of his excessive force claim because the circumstances surrounding his arrest affected the officers' perceptions and actions. The Court will provide clear instructions to the jury regarding the burdens of proof and the elements of Plaintiff's claims. The parties may also offer limiting instructions to be provided contemporaneously with the disputed testimony. These measures should alleviate any danger of unfair prejudice or confusion. Accordingly, the Court concludes that the probative value of evidence of Plaintiff's actions prior to the arrest outweighs the danger of unfair prejudice. *See Smith v. Hunt*, 707 F.3d 803, 809-10 (7th Cir. 2013) (evidence that plaintiff asserting excessive force claims had used heroin on the day of his arrest was not unfairly prejudicial); *Whitehead v. Bond*, 680 F.3d 919, 930-31 (7th Cir. 2012) (evidence of plaintiff's family's conduct prior to plaintiff's arrest was not unfairly prejudicial); *Luka v. City of Orlando*, 382 F. App'x 840, 842 (11th Cir. 2010) (probative value of evidence of plaintiff's conduct leading up to arrest outweighed danger of unfair prejudice). For all of these reasons, the Court **denies** Plaintiff's Motion in Limine [210].

### IV. CONCLUSION

For these reasons, the Court **grants in part and denies in part** the City of Laurel's Motion to Disallow [193] Plaintiff's experts. Specifically:

- The Court grants the motion as to the expert testimony of Bill Brister, Kathy Smith, and Robert Davis.

17

- The Court grants the motion as to Roy Taylor's opinion testimony regarding the reasonableness of the officers' use of force, but the Court denies it as to Taylor's testimony regarding proper police procedures.

- The Court grants the motion with respect to Roy Taylor's opinion testimony about the culture of the Laurel Police Department, contained in paragraph 21 of his report.

- The Court denies the motion with respect to Roy Taylor's recitation of the facts underlying his opinions.

- The Court grants the motion with respect to any testimony from Dr. Arremmia Tanious outside the scope of the medical records that have been produced to Defendants.

The Court also **denies** Plaintiff's Motion in Limine [210].

SO ORDERED AND ADJUDGED this 6th day of November, 2019.

/s/ Keith Starrett
KEITH STARRETT
UNITED STATES DISTRICT JUDGE