# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

**JAMES DEMETRIUS BARNETT**                                         **PLAINTIFF**

**v.**                                         **CIVIL ACTION NO. 2:18-CV-92-KS-MTP**

**CITY OF LAUREL,** *et al.*                                        **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

For the reasons below, the Court **grants** the City of Laurel's Motion for Summary Judgment [195], **denies** Wade Robertson's Motion for Summary Judgment [206], and **denies** Bryce Gilbert's Motion for Summary Judgment [209].

## I. BACKGROUND

The Court discussed the background of this case in a previous opinion. Memorandum Opinion and Order, *Barnett v. City of Laurel*, No. 2:18-CV-92-KS-MTP (S.D. Miss. Sept. 5, 2018), ECF No. 77. Plaintiff alleges that Defendants Bryce Gilbert and Wade Robertson, officers of Laurel, Mississippi's police department, pursued him and pulled him over after he altered his route to avoid a roadblock. Plaintiff claims that he never resisted arrest, but that Gilbert and Robertson repeatedly kicked him in the head with steel-toed boots after he was face-down on the ground. Plaintiff, an African-American, believes that Defendants' alleged actions were motivated by his race.

Plaintiff filed this lawsuit, naming the City of Laurel, Bryce Gilbert, and Wade Robertson as Defendants. Both individual Defendants are named in their individual

and official capacities. Plaintiff asserted numerous claims under 42 U.S.C. § 1983, alleging violations of constitutional rights. The Court already dismissed Plaintiff's claim for punitive damages as to the City and the individual Defendants in their official capacities, and Plaintiff's claims under 42 U.S.C. §§ 1985 and 1986. *Id.* at 4, 6. The Court also addressed the parties' evidentiary motions and excluded much of Plaintiff's proposed expert testimony. Memorandum Opinion and Order, *Barnett v. Laurel*, No. 2:18-CV-92-KS-MTP (S.D. Miss. Nov. 6, 2019), ECF No. 251. The Court now addresses Defendants' motions for summary judgment.

## II. CITY OF LAUREL'S MOTION FOR SUMMARY JUDGMENT [195]

First, the City filed a Motion for Summary Judgment [195]. Rule 56 provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *see also Sierra Club, Inc. v. Sandy Creek Energy Assocs., L.P.*, 627 F.3d 134, 138 (5th Cir. 2010). "Where the burden of production at trial ultimately rests on the nonmovant, the movant must merely demonstrate an absence of evidentiary support in the record for the nonmovant's case." *Cuadra v. Houston Indep. Sch. Dist.*, 626 F.3d 808, 812 (5th Cir. 2010) (punctuation omitted). The nonmovant "must come forward with specific facts showing that there is a genuine issue for trial." *Id.* "An issue is material if its resolution could affect the outcome of the action." *Sierra Club*, 627 F.3d at 138. "An issue is 'genuine' if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving

party." *Cuadra*, 626 F.3d at 812.

The Court is not permitted to make credibility determinations or weigh the evidence. *Deville v. Marcantel*, 567 F.3d 156, 164 (5th Cir. 2009). When deciding whether a genuine fact issue exists, "the court must view the facts and the inference to be drawn therefrom in the light most favorable to the nonmoving party." *Sierra Club*, 627 F.3d at 138. However, "[c]onclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." *Oliver v. Scott*, 276 F.3d 736, 744 (5th Cir. 2002).

### A.     *Municipal Liability*

First, the City argues that the Court should grant summary judgment in its favor as to any Section 1983 claims because Plaintiff has no evidence of a municipal policy or custom that was the moving force behind the alleged constitutional deprivations. The Fifth Circuit provided the following summary of the law concerning municipal liability under § 1983:

> A municipality is not liable under § 1983 on the theory of respondeat superior, but only for acts that are directly attributable to it through some official action or imprimatur. To hold a municipality liable under § 1983 for the misconduct of an employee, a plaintiff must show, in addition to a constitutional violation, that an official policy promulgated by the municipality's policymaker was the moving force behind, or actual cause of the constitutional injury. The official policy itself must be unconstitutional or, if not, must have been adopted with deliberate indifference to the known or obvious fact that such constitutional violations would result.
>
> Official policy can arise in various forms. It usually exists in the form of

written policy statements, ordinances, or regulations, but may also arise in the form of a widespread practice that is so common and well-settled as to constitute a custom that fairly represents municipal policy. A policy is official only when it results from the decision or acquiescence of the municipal officer or body with final policymaking authority over the subject matter of the offending policy.

Although an official policy can render a municipality culpable, there can be no municipal liability unless it is the moving force behind the constitutional violation. In other words, a plaintiff must show direct causation, i.e., that there was a direct causal link between the policy and the violation.

A plaintiff must show that, where the official policy itself is not facially unconstitutional, it was adopted with deliberate indifference as to its known or obvious consequences. Deliberate indifference is a degree of culpability beyond mere negligence; it must amount to an intentional choice, not merely an unintentionally negligent oversight.

*James v. Harris County*, 577 F.3d 612, 617-18 (5th Cir. 2009) (punctuation and citations omitted).

Plaintiff contends that the City had an unwritten policy and custom of allowing excessive force. Plaintiff cites alleged comments that officers made to him. He alleges that Defendant Gilbert said, "If you do wrong you get done wrong," and that another officer called him "boy" and made a comment about "steel-toed boots on [Plaintiff's] face."[1]

As noted above, a plaintiff can satisfy *Monell*'s "policy or custom requirement"

---

[1] Plaintiff did not cite any specific record evidence in support of these allegations. The Court is not obligated to search the record for evidence in support of Plaintiff's claims. *RSR Corp. v. Int'l Ins. Co.*, 612 F.3d 851, 857 (5th Cir. 2010). "Rather, the party opposing the summary judgment is required to identify specific evidence in the record and to articulate precisely how this evidence supports his claim." *Id.*; *see also Texas v. EEOC*, 933 F.3d 433, 446 (5th Cir. 2019). Plaintiff cited the expert report of Roy Taylor, but the Court excluded Taylor's opinions regarding the City's alleged custom or culture of encouraging excessive force. Memorandum Opinion and Order [251], at 10-11.

with proof of a "persistent, widespread practice of city officials or employees which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy." *World Wide Street Preachers Fellowship v. Town of Columbia*, 591 F.3d 747, 753 (5th Cir. 2009). But a single incident is not enough to prove such a custom. *Id.*; *see also Pineda v. City of Houston*, 291 F.3d 325, 329 (5th Cir. 2002). Plaintiff has not presented any evidence to support his allegation of a policy or custom of permitting the use of excessive force beyond a couple of remarks by officers at or around the subject incident. That is plainly insufficient to prove a "persistent, widespread practice" that is "so common and well settled as to constitute a custom . . . ." *World Wide Street Preachers*, 291 F.3d at 329.

Therefore, the Court finds that there is no genuine dispute of material fact on this issue. Plaintiff cannot prove that a municipal policy or custom was the moving force behind the alleged constitutional deprivations in this case. The Court grants the City's motion as to all Section 1983 claims asserted against it.

### B.     *Failure to Train or Supervise*

Next, the City argues that Plaintiff has no evidence to support his claim that the City's failure to train or supervise its employees caused the alleged constitutional deprivation. Plaintiff did not respond to this argument in his brief.

"To prevail on a failure-to-train theory, a plaintiff must demonstrate: (1) that the municipality's training procedures were inadequate, (2) that the municipality was

5

deliberately indifferent in adopting its training policy, and (3) that the inadequate training policy directly caused the violations in question." *Westfall v. Luna*, 903 F.3d 534, 552 (5th Cir. 2018). The "plaintiff must allege with specificity how a particular training program is defective." *Id.*

"[D]eliberate indifference is a stringent standard of fault, requiring [allegations] that a municipal actor disregarded a known or obvious consequence of his action." *Connick v. Thompson*, 563 U.S. 51, 61, 131 S. Ct. 1350, 179 L. Ed. 2d 417 (2011). Plaintiff must show "that in light of the duties assigned to specific officers or employees the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of the city can reasonably be said to have been deliberately indifferent to the need." *Valle v. City of Houston*, 613 F.3d 536, 547 (5th Cir. 2010).

Ordinarily, this standard "requires a pattern of similar conduct." *Jordan v. Brumfield*, 687 F. App'x 408, 415-16 (5th Cir. 2017). But a plaintiff can also "establish deliberate indifference by showing a single incident with proof of the possibility of recurring situations that present an obvious potential for violation of constitutional rights." *Burge v. St. Tammany Parish*, 336 F.3d 363, 373 (5th Cir. 2003). The single-incident exception is narrow, though, and it only applies "where the facts giving rise to the violation are such that it should have been apparent to the policymaker that a constitutional violation was the highly predictable consequence of a particular policy or failure to train." *Id.*

Plaintiff did not direct the Court to any evidence demonstrating "(1) that the municipality's training procedures were inadequate, (2) that the municipality was deliberately indifferent in adopting its training policy, [or] (3) that the inadequate training policy directly caused the violations in question." *Westfall*, 903 F.3d at 552. Plaintiff has not even articulated or alleged a specific deficiency in the City's training procedures. Therefore, the Court grants the City's motion as to any Section 1983 claim premised upon its alleged failure to train or supervise its employees.

*C.    Conspiracy*

Next, the City argues that the Court should grant summary judgment in its favor as to Plaintiff's conspiracy claims under 42 U.S.C. §§ 1985 and 1986.[2] First, the City argues that summary judgment is appropriate as to Plaintiff's conspiracy claim under Section 1985, citing the intra-corporate conspiracy doctrine. Section 1985(3) requires "two or more persons" to form a conspiracy. 42 U.S.C. § 1985(3). Therefore, "[u]nder § 1985(3), a corporate entity and its employees constitute a 'single legal entity which is incapable of conspiring with itself.'" *Benningfield v. City of Houston*,

---

[2] The Court already dismissed Plaintiff's conspiracy claims in its Memorandum Opinion and Order [77] of September 5, 2018. Shortly after entry of the Court's order, the Magistrate Judge entered a Case Management Order [86] setting December 5, 2018, as the deadline to seek leave to amend the pleadings. On December 5, 2018, Plaintiff filed a Second Amended Complaint [88] – without having first received leave from the Court or the written consent of Defendants. *See* FED. R. CIV. P. 15(a)(2). Plaintiff reasserted the conspiracy claims that the Court had just dismissed. Second Amended Complaint at 81-85, *Barnett v. City of Laurel*, No. 2:18-CV-92-KS-MTP (S.D. Miss. Dec. 5, 2018), ECF No. 88. He also asserted new claims that were not in the previous pleading. *Id.* at 85-107. Rather than file a motion to strike the rogue pleading or otherwise raise the question of its propriety, Defendants simply answered it, and the parties conducted discovery as if the Second Amended Complaint were the operative pleading, despite its questionable provenance. Therefore, the Court assumes that Defendants have no objection to Plaintiff's inclusion of claims that were already dismissed.

7

157 F.3d 369, 378 (5th Cir. 1998) (quoting *Hilliard v. Ferguson*, 30 F.3d 649, 653 (5th Cir. 1994)); *see also Tuskan v. Jackson County, Miss.*, 2016 WL 3148629, at *4 (S.D. Miss. May 12, 2016).

Plaintiff did not respond to this argument in his response. Therefore, he has not directed the Court to any evidence that the City conspired with another person, as required to prove a claim of conspiracy under 42 U.S.C. § 1985(3). *See Body by Cook, Inc. v. State Farm Mut. Auto. Ins.*, 869 F.3d 381, 389 (5th Cir. 2017). Moreover, "a valid § 1985 claim is a prerequisite to a § 1986 claim . . . ." *Bryan v. City of Madison*, 213 F.3d 267, 276 (5th Cir. 2000); *see also Newberry v. E. Tex. State Univ.*, 161 F.3d 276, 281 n. 3 (5th Cir. 1998). Accordingly, the Court grants the City's motion as to Plaintiff's conspiracy claims under 42 U.S.C. §§ 1985 and 1986.

## D. *State-Law Claims*

The City also presented several arguments related to Plaintiff's state-law claims. The Court will address each one in turn.

### 1. *Intentional Infliction of Emotional Distress, Assault, Battery*

First, the City argues that it has not waived its sovereign immunity from liability against Plaintiff's claims of intentional infliction of emotional distress, assault, and battery.[3] Plaintiff did not respond to this argument in his briefing.

The MTCA codified the common-law sovereign immunity of Mississippi and its

---

[3] Plaintiff also asserted a tort claim of "outrage." Under Mississippi law, a claim of "outrage" is the same as intentional infliction of emotional distress. *Raddin v. Manchester Educ. Found., Inc.*, 175 So. 3d 1243, 1252 (Miss. 2015); *Donald v. Amoco Prod. Co.*, 735 So. 2d 161, 178-79 (Miss. 1999).

8

political subdivisions, MISS. CODE ANN. § 11-46-3(1), but it waived sovereign immunity "from claims for money damages arising out of torts of . . . governmental entities and the torts of their employees while acting within the course and scope of their employment . . . ." MISS. CODE ANN. § 11-46-5(1).

This waiver is subject to numerous conditions, restrictions, and limitations. For example, "an employee shall not be considered as acting within the course and scope of his employment and a governmental entity shall not be liable or be considered to have waived sovereign immunity for any conduct of its employee if the employee's conduct constituted fraud, malice, libel, slander, defamation or any other criminal offense other than traffic violations." MISS. CODE ANN. § 11-46-5(2). Accordingly, the MTCA does not waive a municipality's sovereign immunity from liability against claims of intentional infliction of emotional distress.[4] Likewise, it does not waive a municipality's sovereign immunity from liability against claims of assault and battery.[5] Therefore, the Court grants the City's motion as to Plaintiff's claims of intentional infliction of emotional distress, assault, and battery.

2.  *Negligence, Gross Negligence, Negligent Infliction of Emotional Distress*

Next, the City argues that it is immune from liability for Plaintiff's claims of negligence, gross negligence, and negligent infliction of emotional distress.

---

[4] *See, e.g. Seibert v. Jackson County*, 2015 WL 4647927, at *11 (S.D. Miss. Aug. 5, 2015); *Idom v. Natchez-Adams Sch. Dist.*, 115 F. Supp. 3d 792, 804 (S.D. Miss. 2015); *Ducksworth v. Rook*, 2015 WL 737574, at *6 (S.D. Miss. Feb. 20, 2015).
[5] *See, e.g. Brown v. Wilkinson County Sheriff's Dept.*, 2017 WL 1479428, at *8 (S.D. Miss. Apr. 24, 2017); *Ducksworth*, 2015 WL 737574 at *6; *Holloway v. Lamar County*, 2015 WL 9094531, at *5 (S.D. Miss. Dec. 16, 2015).

Specifically, the City argues that the "police function" exception of the Mississippi Tort Claims Act ("MTCA") applies. In response, Plaintiff argues that he was not engaged in criminal activity at the time of injury, and that Defendants acted with reckless disregard for his safety and well-being, removing their actions from the scope of conduct protected by the police function exception.

The MTCA provides:

(1) A governmental entity and its employees acting within the course and scope of their employment or duties shall not be liable for any claim:

*\*\*\**

(c) Arising out of any act or omission of an employee of a governmental entity engaged in the performance or execution of duties or activities relating to police or fire protection unless the employee acted in reckless disregard of the safety and well-being of any person not engaged in criminal activity at the time of the injury.

MISS. CODE ANN. § 11-46-9(1)(c). "Reckless disregard . . . denotes more than negligence, but less than an intentional act." *City of Jackson v. Lewis*, 153 So. 3d 689, 693 (Miss. 1989). The Mississippi Supreme Court has found "reckless disregard when the conduct involved evinced not only some appreciation of the unreasonable risk involved, but also a deliberate disregard of that risk and the high probability of harm involved." *Id.* The reckless disregard standard "embraces willful or wanton conduct which requires knowingly and intentionally doing a thing or wrongful act." *Phillips v. Miss. Dep't of Public Safety*, 978 So. 2d 656, 661 (Miss. 2008).

Neither negligence nor gross negligence arise to the level of "reckless

10

disregard." *See Jones v. City of Hattiesburg*, 2018 WL 3624978, at *3 (S.D. Miss. July 30, 2018); *Collins v. City of Newton*, 240 So. 3d 1211, 1222 (Miss. 2018); *Hill v. Hinds County*, 237 So. 3d 838, 842 (Miss. 2017); *Davis v. City of Clarksdale*, 18 So. 3d 246, 249 (Miss. 2009); *Turner v. City of Ruleville*, 735 So. 2d 226, 229-30 (Miss. 1999). Therefore, regardless of whether Plaintiff was engaged in criminal activity at the time of his injury, the police function exception applies to Plaintiff's claims of negligence, gross negligence, and negligent infliction of emotional distress, and summary judgment is appropriate as to those claims.

3. *False Arrest, False Imprisonment*

The City also argues that the Court should grant summary judgment as to Plaintiff's claims of false arrest and false imprisonment because its officers had probable cause to arrest Plaintiff. Plaintiff did not respond to this argument in briefing.

"The tort of false imprisonment as two elements, which are (1) the detention of the plaintiff; and (2) the unlawfulness of such detention." *Alpha Gulf Coast, Inc. v. Jackson*, 901 So. 2d 709, 720 (Miss. 2001). "The second element concerning the unlawfulness of the detention is determined by evaluating whether, looking at the totality of the circumstances, the actions of the Defendant were objectively reasonable in their nature, purpose, extent, and duration." *Id.* Detention supported by probable cause to believe the detainee has committed a crime is not unlawful. *Butcher v. Allstate*, 2009 WL 261826, at *5 (S.D. Miss. Feb. 4, 2009); *Thornhill v. Wilson*, 504

11

So. 2d 1205, 1208 (Miss. 1987).

Likewise, "[i]f there is probable cause for the charges made, then the plaintiff's arrest is supported by probable cause, and a claim for false arrest must fail." *Croft v. Grand Casino Tunica, Inc.*, 910 So. 2d 66, 75-76 (Miss. Ct. App. 2005); *see also Butcher*, 2009 WL 261826 at *5; *Mayweather v. Isle of Capri Casino, Inc.*, 996 So. 2d 136, 141 (Miss. Ct. App. 2008); *Richard v. Supervalu, Inc.*, 974 So. 2d 944, 949 (Miss. Ct. App. 2008).

Here, it is undisputed that Plaintiff led Defendants on a high-speed car chase across two counties. Therefore, the Court easily concludes that there was probable cause to detain and/or arrest him and grants the City's motion for summary judgment as to Plaintiffs' claims of false arrest and false imprisonment.

## E.     *Declaratory and Injunctive Relief*

Finally, the City seeks summary judgment as to Plaintiff's claims for declaratory and injunctive relief on his constitutional claims. As provided above, the Court is granting the City's motion as to all of Plaintiff's Section 1983 claims against it. Plaintiff's demands for declaratory and injunctive relief are not free-standing claims. Rather, they are demands for remedies on the underlying causes of action. *See Mitchell v. State Farm Fire & Cas. Co.*, 335 F. Supp. 3d 847, 855 (N.D. Miss. 2018); *Gulf Shore Properties, LLC v. City of Waveland, Miss.*, 2018 WL 564942, at *4 (S.D. Miss. 2018) (claims for declaratory relief are derivative of substantive claims). Without a successful underlying cause of action, Plaintiff is not entitled to a remedy.

*Smitherman v. Bayview Loan Servicing, LLC*, 727 F. App'x 787, 792 (5th Cir. 2018). Therefore, the Court grants the City's motion as to Plaintiff's claims for declaratory and injunctive relief.

### F.     *Rule 56(f)*

Finally, in response to the City's motion, Plaintiff argues that the Court should grant summary judgment in his favor as to numerous issues. Rule 56 provides that "[a]fter giving notice and a reasonable time to respond, the court may . . . grant summary judgment for a nonmovant . . . ." FED. R. CIV. P. 56(f)(1).

The Court declines to consider Plaintiff's erstwhile motion for summary judgment. This Court's Local Rules specifically provide that "[a]ny written communication with the court that is intended to be an application for relief or other action by the court must be presented by a motion . . . ." L.U.Civ.R. 7(b). They also provide: "A response to a motion may not include a counter-motion in the same document. Any motion must be an item docketed separately from a response." L.U.Civ.R. 7(b)(3)(C). Regardless, the Court has not provided notice to Defendants that it intends to consider Plaintiff's purported motion, as required by Rule 56(f).

For all of these reasons, the Court **grants** the City of Laurel's Motion for Summary Judgment [195].

### III. WADE ROBERTSON'S MOTION FOR SUMMARY JUDGMENT [206]

Defendant Wade Robertson filed his own Motion for Summary Judgment [206]. For the reasons below, the Court **denies** it.

13

### A. *Individual Capacity Claims*

First, Robertson argues that Plaintiff did not plead any claims against him in his individual capacity. In Plaintiff's Second Amended Complaint, which the parties apparently agree is the operative pleading, Plaintiff named Bryce Gilbert and Wade Robertson "individually, and in their official capacities . . . ." Second Amended Complaint [88], at 1. Additionally, Plaintiff asserted that Defendants were "individually, jointly and severally liable" in Count VIII. *Id.* at 84. This is sufficient to plead claims against the individual Defendants in their individual capacities.

### B. *Excessive Force*

Next, Robertson argues that he is entitled to qualified immunity from liability against Plaintiff's excessive force claim because Plaintiff has not specifically identified a clearly established constitutional right which Defendants purportedly violated.

In Counts I-II of the Second Amended Complaint [88], Plaintiff alleged that Defendants Gilbert and Robertson violated his rights under the Fourth and Fourteenth Amendments of the Constitution by using excessive force when they arrested him. Specifically, he alleges that after he exited his vehicle and lay face-down on the ground, Defendants "brutally assaulted [him] by repeatedly kicking him in the head . . . ." *Id.* at 3. According to Plaintiff, once he exited his vehicle, he did not resist arrest. *Id.* at 3, 30, 51.

"[T]he right to be free from excessive force during a seizure is clearly

14

established." *Poole v. City of Shreveport*, 691 F.3d 624, 627 (5th Cir. 2012); *see also Newman v. Guidry*, 703 F.3d 757, 763 (5th Cir. 2012); *Bush v. Strain*, 513 F.3d 492, 502 (5th Cir. 2008). Moreover, the Fifth Circuit has specifically held that "a constitutional violation occurs when an officer . . . strikes . . . an arrestee who is not actively resisting arrest." *Darden v. City of Forth Worth, Tex.*, 880 F.3d 722, at 731 (5th Cir. 2018); *see also Newman*, 703 F.3d at 764 (where arrestee did not commit a crime, threaten anyone, resist arrest, or fail to obey a command, his right to be free from use of force was clearly established); *Bush*, 513 F.3d at 502 (in 2008 case, it was clearly established that officer could not forcefully slam arrestee's face into vehicle while she was not resisting arrest). Therefore, the Court easily concludes that Plaintiff alleged a violation of a clearly established constitutional right. Defendants had fair warning that the Constitution forbids the use of such severe force on an arrestee that is not actively resisting arrest.

Robertson also argues that Plaintiff does not have sufficient evidence to support an excessive force claim. To prove a claim of excessive force, Plaintiff must present evidence of "(1) an injury (2) which resulted directly and only from the use of force that was clearly excessive to the need and (3) the force used was objectively unreasonable." *Romero v. City of Grapevine, Tex.*, 888 F.3d 170, 176 (5th Cir. 2018).

> Though some injuries are so minor that they are insufficient to satisfy the injury element as a matter of law, an injury is generally legally cognizable when it results from a degree of force that is constitutionally impermissible – that is, objectively unreasonable under the circumstances. The objective reasonableness of the force, in turn, depends on the facts and circumstances of the particular case, such that

the need for force determines how much force is constitutionally permissible. Specifically, the court should consider the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight.

*Bush*, 513 F.3d at 501.

Plaintiff presented an affidavit in which he stated that at the end of the car chase, he stopped his vehicle and "followed the instructions of Gilbert and Robertson." Exhibit 3 to Response at 1, *Barnett v. City of Laurel*, No. 2:18-CV-92-KS-MTP (S.D. Miss. Aug. 23, 2019), ECF No. 236-3. He said:

> I exited the vehicle, showed my empty hands, and got face down on the ground. I complied with the police commands. I never resisted arrest after exiting the vehicle. Defendants Gilbert and Robertson brutally assaulted me by repeatedly kicking me in the head and face with "steel toe" boots and beating me in the head with a pistol and another hard object which may have been hand cuffs.

*Id.* He alleged that he suffered "permanent traumatic brain injury." *Id.* at 2. Photographs attached to the affidavit, which Plaintiff stated depict some of the injuries he received on that night, show numerous abrasions, bruises, and swelling on Plaintiff's face and head. *Id.* at 8-15.[6]

Viewing this evidence in the light most favorable to Plaintiff, the Court concludes that there are genuine disputes of material fact as to whether Defendant Robertson violated Plaintiff's constitutional rights by using excessive force in the

---

[6] Robertson objects to the Court's consideration of Plaintiff's affidavit. He argues that the affidavit is "riddled with hearsay statements." The portions of the affidavit cited by the Court do not contain any hearsay. Regardless, Robertson did not identify any specific hearsay in the affidavit, and the Court declines to sift through the document on his behalf. Robertson also contends that the affidavit should be "excluded as being submitted in bad faith," citing FED. R. CIV. P 56(h). Again, Robertson made no specific argument on this point, and the Court declines to guess or make an argument on his behalf.

arrest.

## C. *Rule 56(f)*

Finally, in response to Robertson's motion, Plaintiff argues that the Court should grant summary judgment in his favor as to numerous issues. The Court declines to do so for the same reasons provided above.

For these reasons, the Court **denies** Wade Robertson's Motion for Summary Judgment [236].[7]

### IV. BRYCE GILBERT'S MOTION FOR SUMMARY JUDGMENT [209]

Defendant Bryce Gilbert filed a Motion for Summary Judgment [209]. The motion is four pages long, including the certificate of service. In the first two pages, Gilbert asserted at least eight different arguments, each stated in no more than two sentences. Gilbert then incorporated numerous pleadings by reference, including the other Defendants' evidence and briefs.

Gilbert did not provide the Court with any briefing. His motion only includes references to a single case and a few statutes. His arguments are so cursory that the Court is left to guess exactly what he's arguing. For example, on the first page of the motion, Gilbert argues that "Plaintiff has not produced any admissible evidence sufficient to overcome Gilbert's affirmative defense" of qualified immunity, but Gilbert did not specify which aspect of the qualified immunity analysis Plaintiff can

---

[7] Robertson raised additional arguments in his reply brief. The Court will not consider them. *Wallace v. County of Comal*, 400 F.3d 284, 292 (5th Cir. 2005) (court does not consider arguments first raised in reply).

17

not overcome, or provide any citations to applicable law or specific evidence in the record.

The Court is not obligated to make Defendant's arguments for him, to guess what he is trying to argue, or to hunt through numerous other pleadings incorporated by reference. The Court **denies** Gilbert's Motion for Summary Judgment [209].

## V. Conclusion

For these reasons, the Court **grants** the City of Laurel's Motion for Summary Judgment [195], **denies** Wade Robertson's Motion for Summary Judgment [206], and **denies** Bryce Gilbert's Motion for Summary Judgment [209].

SO ORDERED AND ADJUDGED this 8th day of November, 2019.

                                        /s/ Keith Starrett
                                        KEITH STARRETT
                      UNITED STATES DISTRICT JUDGE